NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010
Decided March 10, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2357

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 05 CR 601-8 |
| JUAN ALBERTO CASTILLO, | |
| *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Juan Alberto Castillo pleaded guilty to conspiring to import 1 kilogram or more of heroin into the United States, *see* 21 U.S.C. § 963; 18 U.S.C. § 2, and received a sentence of 120 months' imprisonment. In his plea agreement, he waived his right to appeal his conviction and sentence. He filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify any nonfrivolous argument to pursue. Castillo responded to his lawyer's submissions. *See* CIR. R. 51(b). We limit our review to the potential issues identified in the facially adequate brief

submitted by counsel and in Castillo's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Castillo has provided no hint that he wishes to have his guilty plea set aside, so counsel rightly omits a discussion of the plea's voluntariness or the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Both counsel and Castillo consider whether Castillo could challenge his sentence. Counsel focuses on the possible applicability of a safety-valve reduction, *see* U.S.S.G. § 5C1.2, and Castillo on the calculation of his criminal history points. *See* U.S.S.G. § 4A1.1. Both of these arguments, however, are foreclosed by the appeal waiver. If the guilty plea stands, so does the waiver. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008).

Finally, counsel, who did not represent Castillo at trial, also considers whether Castillo could argue that his trial counsel was ineffective. But a challenge to the adequacy of counsel's performance is best explored in a collateral proceeding so that a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Castillo's appeal.